UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARMANDO HERNANDEZ CUENCA,

Petitioner,

v.

UNKNOWN PARTY #1 et al.,

Respondents.

Case No. 1:26-cv-2837

Honorable Jane M. Beckering

# OPINION

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will deny Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

## I. Procedural History

In Petitioner's § 2241 petition, Petitioner challenges the constitutionality of his current detention following an order issued by the Detroit Immigration Court denying him bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus ordering Respondents to release Petitioner or provide Petitioner with an individualized bond hearing where the government bears the burden by clear and convincing evidence.[1] (Pet., ECF No. 1, PageID.4; Br. Supp. Pet., ECF No. 2, PageID.8.)

[1] In addition to filing his § 2241 petition, Petitioner also filed an "Emergency Motion for Immediate Release or a Constitutionally Adequate Bond Hearing." (Mot., ECF No. 3.) As set forth in this opinion, the Court will deny without prejudice Petitioner's § 2241 petition, and the entry of the Court's opinion and corresponding judgment moot Petitioner's pending motion.

In an order entered on October 14, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 7.) Respondents filed their response and a recording of the March 30, 2026, bond hearing on October 19, 2026. (Resp., ECF No. 8; Recording of March 30, 2026, Bond Hearing, filed on Oct. 19, 2026.)

## II. Relevant Factual Background

Petitioner is a citizen of Mexico who entered the United States in 2004 and has remained in the United States since that time. (Pet., ECF No. 1, PageID.1; Resp., ECF No. 8, PageID.45.) On October 29, 2025, Petitioner was arrested by ICE. (Pet., ECF No. 1, PageID.2.)

On March 26, 2026, the Court conditionally granted Petitioner's first § 2241 petition challenging his initial detention without a bond hearing in *Cuenca v. Unknown Party* (*Cuenca I*), No. 1:26-cv-713 (W.D. Mich.). Op. & J., *Cuenca I*, (W.D. Mich. March 26, 2026), (ECF Nos. 9, 10). On March 30, 2026, Petitioner received a bond hearing pursuant to § 1226(a). (Immigration Judge (IJ) Order, ECF No. 8-1, PageID.58.) At the conclusion of the bond hearing, in a written order, the IJ denied Petitioner's request for bond, stating: "[Petitioner] is a flight risk. Respondent has a removal order and all applications for relief were previously denied." (*Id.*; *see also* Recording of March 30, 2026, Bond Hearing, at 8:39–9:40, filed on Oct. 19, 2026.)

On May 1, 2026, the Court denied without prejudice Petitioner's second § 2241 petition because Petitioner only challenged the IJ's factual determinations in the bond decision, and Petitioner had not exhausted his administrative remedies. Op. & J., *Cuenca v. Unknown Party (Cuenca II)*, No. 1:26-cv-1252 (W.D. Mich. May 1, 2026), (ECF Nos. 12, 13).

Petitioner filed the present § 2241 petition on October 2, 2026. (Pet., ECF No. 1.)

## III. Discussion

Based on the record before the Court at this time, including the recording of the § 1226(a) bond hearing, there is no indication in the record that the Immigration Judge applied an unconstitutional burden of proof at the bond hearing. (*See* IJ Order, ECF No. 8-1, PageID.58; Recording of March 30, 2026, Bond Hearing, at 8:39–9:40, filed on Oct. 19, 2026); *Soto-Medina v. Lynch*, 817 F. Supp. 3d 612 (W.D. Mich. 2026) (addressing the constitutionally required burden of proof).

Under these circumstances, the Court will deny Petitioner's § 2241 petition without prejudice.[2]

## Conclusion

For the reasons discussed above, the Court will enter a judgment denying Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated: November 2, 2026

/s/ Jane M. Beckering
Jane M. Beckering
United States District Judge

[2] To the extent that Petitioner claims that his detention has become unreasonably prolonged, Petitioner does not indicate that he has requested a subsequent bond redetermination in writing in the Immigration Court based on a material change in circumstances, such as the length of his detention, pursuant to 8 C.F.R. § 1003.19(e).